**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

**NO. 5:04-CR-241-FL(3)
NO. 5:08-CV-534-FL(3)**

| | |
|---|---|
| **TIMOTHY LAFON MURPHY,**   )<br>    Petitioner,    )<br>        )<br>    v.    )<br>        )<br>**UNITED STATES OF AMERICA**, )<br>    Respondent.    )<br>_____ ) | **MEMORANDUM AND<br>RECOMMENDATION** |

This Cause comes before the Court upon the Government's Motion for Summary Judgment[1] [DE-205] on *pro se* Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") [DE-203]. Petitioner has filed a response [DE-209] and the Government's Motion for Summary Judgment is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion for Summary Judgment [DE-205] be GRANTED and that Petitioner's Motion to Vacate [DE-203] be DENIED.

**I. Background**

Petitioner was indicted on July 14, 2004 with one count of conspiracy to distribute and

---

1. The Government styles its motion as a motion to dismiss or in the alternative a motion for summary judgment. Because both parties have attached affidavits, the Court will treat this motion as a motion for summary judgment. *See* Fed. R. Civ. P 12(d) "[i]f on a motion . . . [to dismiss] . . . matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment.")

possess with the intent to distribute both cocaine base ("crack") and cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846 [DE-3]. Following a jury trial on January 10-13, 2005, Petitioner was found guilty as charged [DE-102]. He was sentenced on July 22, 2005 to life imprisonment [DE-135]. The Fourth Circuit affirmed his conviction and criminal judgment on October 4, 2006 [DE-142]. On June 4, 2007, Petitioner submitted a certiorari petition to the United States Supreme Court which was denied on October 1, 2007. Murphy v. United.States, 128 S.Ct. 123 (2007). Accordingly, Petitioner's conviction became final on October 1, 2007. Subsequently, Petitioner filed a motion for the modification of his sentence pursuant to the retroactive amendment of the sentencing guidelines with regard to crack cases [DE-175]. The motion for modification is still pending before this court. Finally, Plaintiff filed the instant Motion to Vacate on October 20, 2008 [DE-203].[2]

## II. Legal Standards and Analysis

### A. Summary judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted:

> against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
> Celotex Corporation v. Catrett, 477 U.S.317, 322-323 (1986)

---

[2] Petitioner deposited his motion to vacate in his institution's mailing system on October 20, 2008 [DE 203-4].

"[S]ummary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 317; Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Specifically, the moving party bears the burden of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" that the moving party believes demonstrate an absence of any genuine issues of material fact. Celotex, 477 U.S. at 323. Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue which requires trial. Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). As a general rule, the non-movant must respond to a motion for summary judgment with affidavits, or other verified evidence, rather than relying on his complaint or other pleadings. Celotex, 477 U.S. at 324. See also, Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

In the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. Anderson, 477 U.S. at 255. It is well-established that any analysis of the propriety of summary judgment must focus on both the materiality and genuineness of the fact issues. Ross, 759 F.2d at 364. The mere existence of some alleged factual dispute between the parties will not defeat a motion for summary judgment. Anderson, 477 U.S. at 247-48. A fact is material only when its

resolution affects the outcome of the case. Id. at 248. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

**B. 28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2255(f)(1-4).

Here, the latest applicable date is the date on which the judgment of conviction became final. Petitioner's conviction became final on October 1, 2007 and thus he had until October 1, 2008 to file a timely motion to vacate pursuant to 28 U.S.C. § 2255. However,

4

Petitioner's Motion to Vacate was not filed until October 20, 2008. *See*, Rule 3(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing . . ."). Moreover, Petitioner's pending motion for a modification of his sentence does not affect the finality of his conviction. 18 U.S.C. § 3582(b) (Notwithstanding the fact that a sentence to imprisonment can subsequently be . . . modified pursuant to the provisions of subsection (c) . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). Thus, Petitioner's Motion to Vacate is untimely on its face.

However, Petitioner contends that "[d]uring October 1st of this year (2008) this institution was locked down, prohibiting me from last minute legal issues that could only be handled in the prison law library; which I did not have access to due to the lockdown" [DE-203, pg. 12]. In support of this contention Petitioner attaches a letter from his case manager, Misty Nichols, which states that the penitentiary where Petitioner "is currently housed was on lock-down status from September 30, 2008 until October 9, 2008 . . . [n]o movement or phone calls were authorized during this time" [DE 203-3]. Assuming *arguendo*, that the lock-down constituted an "impediment to making a motion created by governmental action", Petitioner's Motion to Vacate would still be untimely because the lock-down ended on October 9, 2008 and the Motion to Vacate was not filed until October 20, 2008. Thus, Petitioner's motion must be dismissed unless it is eligible for equitable tolling.

The doctrine of equitable tolling generally is appropriate in two distinct situations:

5

where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. Specifically:

> any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
> Id.

Notably, in an unpublished opinion the Fourth Circuit has held that equitable tolling did not apply when a petitioner lacked access to his legal materials due to his transfer among several correctional facilities. United States v. Anderson, 2000 WL 1781614, * 1 (4th Cir. 2000)(*unpublished opinion*). Likewise, the fact that a prison was on lock-down, preventing access to the prison law library, does not establish extraordinary circumstances justifying equitable tolling. *See,* Davis v. United States, 2002 WL 32656623, * 2 (E.D.N.C. 2002), *quoting* United States ex rel. Ford v. Page, 132 F. Supp.2d 1112, 1115-1116 (N.D.Ill. 2001). Moreover, a litigant seeking equitable tolling also bears the burden of establishing that he has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, Petitioner has failed to establish that he was diligently pursuing his claim prior to the lock-down. Petitioner's lack of diligence is underscored by the fact that the issues raised in his

6

Motion to Vacate are virtually identical to the issues he raised during his direct appeal. This similarity belies Petitioner's contention that his filing was delayed because he could not research "last minute" issues. Accordingly, the undersigned RECOMMENDS that Petitioner's Motion to Vacate be dismissed on the grounds that it is time-barred.

## **Conclusion**

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion for Summary Judgment [DE-205] be GRANTED and that Petitioner's Motion to Vacate [DE-203] be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 4th day of December, 2008.

William A. Webb
U.S. Magistrate Judge