IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-241-FL-1
NO. 5:08-CV-534-FL

| | | |
|---|---|---|
| TIMOTHY LAFON MURPHY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion for leave to file amended objections due to newly discovered evidence, (DE # 215), and petitioner's objections to the memorandum and recommendation ("M&R"), (DE # 211), entered by the United States Magistrate Judge, which recommended that this court grant respondent's motion for summary judgment and deny petitioner's motion to vacate. Pursuant to this court's order of June 23, 2009, the government responded to petitioner's motion for leave to file amended objections and petitioner has replied. The time for response to petitioner's original objections to the M&R has expired. In this posture, the issues raised are ripe for ruling.

## BACKGROUND

Petitioner was indicted on July 14, 2004, on one count of conspiracy to distribute and possess with the intent to distribute both cocaine base ("crack") and cocaine, in violation of 18 U.S.C. §§ 841(a)(1) and 846. (DE # 3.) On January 13, 2005, petitioner was found guilty following a jury trial, and on July 22, 2005, he was sentenced to life imprisonment. The Fourth Circuit Court of

Appeals affirmed petitioner's conviction and sentence in an unpublished decision entered October 4, 2006. United States v. Murphy, 203 Fed. Appx. 422 (4th Cir. 2006). Petitioner thereafter submitted a petition for certiorari to the Supreme Court of the United States, which was denied on October 1, 2007, making petitioner's conviction final as of that date. Murphy v. United States, 128 S.Ct. 123 (2007).

Petitioner subsequently filed the instant motion to vacate. Respondent filed its motion to dismiss or in the alternative for summary judgment on October 30, 2008. The United States Magistrate Judge entered an M&R that recommended this court grant respondent's motion for summary judgment on the grounds that petitioner's motion to vacate was made outside of the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). Petitioner initially objected to the magistrate judge's recommendation by arguing that he could not have filed his petition in a timely fashion because the penitentiary where he was housed was on lock-down status from September 30, 2008, through October 9, 2008, and that the first opportunity he had to make copies and put the motion in the prison legal mailbox was October 20, 2008. Petitioner then filed the instant motion for leave to file amended objections, asserting that he had recently discovered that an inmate at another correctional facility who was helping petitioner prepare his motion to vacate actually filed his motion on September 29, 2008, making his motion timely. By order dated June 23, 2009, this court directed the government to respond to the allegations contained in petitioner's motion for leave to file amended objections.[1] The government did so, filing a response on July 1, 2009. Petitioner

---

[1] The court's order requiring response from the government was in response to a reference to an envelope from petitioner with a postmark of October 2, 2008, made by the government in its memorandum in support of its motion to dismiss or for summary judgment. The government explains in its response that it was interpreting a difficult to read stamp on the envelope that contained petitioner's motion in a light most favorable to petitioner. As discussed below, upon close inspection of the envelope in which petitioner's motion arrived at the clerk's office, the postmarks all indicate that it was mailed October 20, 2008, not October 2, 2008.

2

then filed a reply to the government's response on July 20, 2009. In this posture, the issues raised by petitioner's various motions and objections are ripe for ruling.

DISCUSSION

A.      Summary Judgment

Summary judgment is appropriate, under Rule 56(c), "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Materiality of facts is determined by the substantive law governing a case. Id. For a factual dispute to be genuine, there must be sufficient evidence for a reasonable jury to be able to return a verdict for the nonmoving party. Id. "The mere existence of a scintilla of evidence" supporting the nonmoving party's position is insufficient to survive summary judgment. Id.

In deciding a motion for summary judgment, the court construes evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmovant's favor. Anderson, 477 U.S. at 255. A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (quoting FED. R. CIV. P. 56(e)).

In addressing objections to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection

is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

B.  Petitioner's Objections to the M&R

At the outset, the court grants petitioner's motion and will consider the information contained in that motion as part of the court's consideration of petitioner's objections to the M&R. Petitioner lodges numerous objections to the magistrate judge's conclusion that his motion to vacate was untimely filed. First, in his original objections to the M&R, petitioner contends that the magistrate judge incorrectly concluded that equitable tolling of § 2255's statute of limitations was not appropriate in petitioner's case because eleven days elapsed between the lifting of lock-down status at the penitentiary where petitioner was housed and the filing of petitioner's motion, and because petitioner failed to exercise due diligence in attempting to file his motion. After thorough *de novo* review of the relevant case law and facts of this case, this court finds no merit to these objections.

The Fourth Circuit has made clear that courts are to be circumspect in their application of equitable tolling of statutes of limitation, "lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). As the Fourth Circuit stated in Hutchinson,

> [t]o apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. This court agrees with the magistrate judge that this case does not present such a situation. As

4

the magistrate judge points out, courts have held that lack of access to legal materials while in prison and the lock-down status of a prison preventing access to legal materials are not reasons for a court to invoke equitable tolling. Likewise, the lock-down status of a prison at the time that a filing is due has been found insufficient grounds to trigger equitable tolling. See United States ex rel. Morgan v. Gilmore, 26 F. Supp. 2d 1035, 1038-39 (N.D. Ill. 1998). Simply put, that the penitentiary where petitioner was housed was on lock-down for 10 days at the end of petitioner's one-year statute of limitations under § 2255 is not one of those "rare instances" in which a court should apply equitable tolling.

Petitioner next asserts in his motion for leave to file amended objections that he actually filed his motion to vacate in a timely manner. According to petitioner, who at the time was housed at the United States Penitentiary - Lee, this is so because he has recently learned that Arthur Curry, a fellow inmate who was housed at Federal Correctional Institution Ashland, and who was assisting petitioner with the preparation of his motion to vacate, actually placed petitioner's motion in the institutional mailing system at his place of incarceration on September 29, 2008. Petitioner states that his motion was prepared by September 1, 2008, at which time he forwarded the already-signed motion on to Curry by way of a third party. Curry then reviewed the motion and, according to petitioner, placed the signed, completed copy of the motion in the institutional mail at FCI Ashland on September 29, 2008. Petitioner includes with his motion for leave to file amended objections three affidavits, each of which are signed, but which do not appear properly notarized.

Despite these new representations by petitioner, from the record before the court it is clear that petitioner's motion to vacate was not filed until, at the earliest, October 20, 2008. The motion to vacate, as it appears on the docket, consists of a form titled "Motion Under 28 U.S.C. § 2255 to

5

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," which petitioner filled out by hand and a typewritten attachment titled "Attached Sheets to Motion Under § 2255, for Leave to Vacate, Set Aside or Correct a Sentence from a Final Judgment." (DE # 203.) The handwritten form motion was signed by petitioner on October 10, 2008, (Pet'r's Mot. 14), and the typewritten attachment was signed by petitioner on October 16, 2008, (Pet'r's Attach. 32). The envelope in which the motion arrived at the clerk's office indicates that it was entered into the institutional mail system at USP - Lee on October 20, 2008. (DE # 203-4.) There is no record of any other motion, such as the one purportedly sent on September 29, 2008, being received by the clerk's office anywhere on the face of the docket.

There is no dispute in this case as to the date the statute of limitations on petitioner's filing of a § 2255 motion expired. Claims filed under § 2255 are subject to a one year statute of limitations. 28 U.S.C. § 2255(f). The limitation period begins to run from the latest of four potential events. The applicable event here was "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final when the Supreme Court denied his petition for certiorari, October 1, 2007. Consequently, the limitation period for petitioner to file a claim under § 2255 ended on October 1, 2008. There is no credible evidence before the court that petitioner filed his motion to vacate any time prior to October 20, 2008. This filing was, therefore, untimely. As a result, the court overrules petitioner's remaining objections to the M&R.

CONCLUSION

For all of the foregoing reasons, the court OVERRULES petitioner's objections to the M&R entered by the United States Magistrate Judge and adopts the magistrate judge's findings and recommendations as its own. Consequently, respondent's motion for summary judgment is

GRANTED. Petitioner's motion to vacate is DISMISSED. The clerk of court is directed to close the case.

SO ORDERED, this the 14th day of August, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge