IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-241-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TIMOTHY LAFON MURPHY, | ) | |
| Defendant | ) | |

This matter is before the court on a *pro se* motion "to Correct Erroneous Presentence Report," filed by defendant pursuant to Federal Rule of Criminal Procedure 36 (DE 329).

Defendant argues that the court adopted in its presentence report at his sentencing on July 19, 2005, a number of "erroneous" factual findings concerning his criminal history and his career offender status. Rule 36 motions apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report. Rather, pursuant to Federal Rule of Criminal Procedure 32, any challenges to a presentence report should be filed within 14 days of receiving the document. See United States v. Wilkes, 376 F. App'x 295, 296 (4th Cir. 2010) (citing Fed. R. Crim. P. 32(f)). Over nine years have passed since the United States Probation Office made defendant's presentence report available. To the extent defendant seeks to correct the presentence report pursuant to Rule 32, his motion is therefore denied as untimely.

To the extent defendant's motion attacks his sentence, the court must construe his motion as a petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). The court previously entered two orders, on August

17, 2009, and September 18, 2013, dismissing four other § 2255 motions filed by this defendant. (DE 238, DE 305). Consequently, this motion constitutes a successive § 2255 petition, which may not be brought prior to receiving certification from the United States Court of Appeals for the Fourth Circuit that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see Winestock, 340 F.3d at 205. Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. Id. Accordingly, defendant's motion, construed as a § 2255 petition, must be dismissed.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES defendant's motion to correct his PSR (DE 329). To the extent petitioner's motion is seeks to vacate, set aside, or his sentence, it is DISMISSED as a second or successive § 2255 motion. A certificate of appealability is DENIED.

SO ORDERED, this the 4th day of February, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge